# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LORI L. JEANNIN,**

        **Plaintiff,**

                                      **CIVIL ACTION**

v.

                                      **No: 09-2287-JWL-DJW**

**FORD MOTOR COMPANY,**

        **Defendant.**

## MEMORANDUM AND ORDER

This is an employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* Pending before the Court is Plaintiff's Motion to Appoint Counsel (doc. 4).

The district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action.[1] The discretion granted to the court is extremely broad.[2] A plaintiff has no constitutional or statutory right to appointed counsel in a federal civil case.[3]

To guide the court's discretion, the Tenth Circuit has identified several factors to be considered when evaluating a motion for appointment of counsel in an employment discrimination case.[4] Before counsel may be appointed, the plaintiff "must make affirmative showings of (1)

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). *See also* 42 U.S.C. § 2000e-5(f).

[2] *Castner,* 979 F.2d at 1420.

[3] *Id.*

[4] *See id.* at 1420-21.

financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5] In addition, "the plaintiff's capacity to present the case without counsel . . . should be considered in close cases as an aid in exercising discretion."[6]

The Court finds Plaintiff has not made an affirmative showing of the second factor, i.e., diligence in attempting to secure counsel prior to filing the motion for appointment of counsel. Plaintiff's motion indicates that she has contacted "everyone that EEOC has told me to."[7] She then provides the last names of two individuals, along with other information that does not appear to pertain to the identification of any attorneys she has contacted. Plaintiff's motion does not indicate any other efforts to contact attorneys to secure counsel to represent her.

As noted above, the Tenth Circuit has indicated that one important factor to be considered in deciding whether to appoint counsel in an employment discrimination case is the plaintiff's diligence in searching for counsel.[8] Although a plaintiff is "not required to exhaust the legal directory," a plaintiff must demonstrate "a reasonably diligent effort under the circumstances to obtain counsel."[9] Applying this rule, this Court has typically required an employment discrimination plaintiff seeking appointed counsel to confer with at least five attorneys regarding legal

---

[5]*Id.* at 1421.

[6]*Id.*

[7]Pl.'s Mot. for Appointment of Counsel (doc. 4).

[8]*Castner,* 979 F.2d at 1422.

[9]*Id.* (internal quotations and citations omitted).

2

representation.[10] The failure to confer with at least five attorneys and to identify those attorneys in the complaint is grounds to deny the application for appointment of counsel.[11]

If plaintiff has not previously contacted the Lawyer Referral Service to obtain names of attorneys in the Kansas City area who handle cases such as the one she has filed, the Court encourages her to do so. The address of the Lawyer Referral Service is 200 N. Broadway, Suite 500, Wichita, Kansas 67202, and its telephone number is 1-800-928-3111. After Plaintiff has contacted at least five attorneys and she finds she is still unable to obtain legal representation, she may file a renewed motion seeking the appointment of counsel that identifies the particular attorneys whom she has contacted.

The Court notes that Plaintiff has failed to attach to her complaint a copy of the Notice of Right-to-Sue Letter received from the Kansas Human Rights Commission ("KHRC"). The form complaint that Plaintiff has completed and filed asks the complainant to attach a copy of the Notice of Right-to-Sue Letter. While Plaintiff states in the complaint that she has received such a letter, she fails to attach a copy of the letter. As noted above, in determining whether to appoint counsel to represent an employment discrimination plaintiff, the Court must consider whether the plaintiff's complaint asserts meritorious allegations of discrimination.[12] The Notice of Right-to-Sue Letter allows the Court to determine whether a plaintiff's complaint is timely filed, and it is one piece of information the Court uses to determine whether counsel should be appointed. Thus, the Court will

---

[10]*Wheeler v. Wichita Police Dep't,* No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997) ("[T]his court requires a plaintiff to actually meet with five attorneys and discuss their case with them.").

[11]*See id.* at 2-3 (denying motion to appoint counsel where plaintiff indicates she has conferred with only one attorney about possible representation).

[12]*Castner*, 979 F.2d at 1421.

direct Plaintiff to file a copy of the KHRC Notice of Right-to-Sue Letter that she alleges she has received.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (doc. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that on or before **June 25, 2009,** Plaintiff shall file a copy of the Notice of Right-to-Sue Letter that she received from the KHRC.

Dated in Kansas City, Kansas on this 12th day of June 2009.

                                          s/David J. Waxse
                                          David J. Waxse
                                          U.S. Magistrate Judge

cc:    All counsel and pro se parties